```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,                     :     Case No. 1:16-CR-309
                                              :
        Plaintiff,                            :
                                              :
v.                                            :     OPINION & ORDER
                                              :     [Resolving Doc. 44]
KRISTOPHER L. COURTNEY,                       :
                                              :
        Defendant.                            :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 6, 2016, Defendant Kristopher L. Courtney filed a motion to supress and for return of seized property.[1] The Court held a suppression hearing on November 21, 2016. On November 23, 2016, the Court denied Defendant's motion to suppress.

On November 29, 2016, a jury found Defendant Courtney guilty of one count of possession with intent to distribute heroin and fentanyl, two counts of possession with intent to distribute heroin and cocaine, one count of being a felon in possession of a firearm, and one count of managing a drug premises.[2]

On December 13, 2016, Defendant moved for judgment of acquittal, or in the alternative for a new trial.[3] Defendant Courtney renews the arguments the Court found unconvincing in his motion to suppress. For the reasons below, the Court **DENIES** Defendant Courtney's motion.

### A.  Legal Standard

Defendant Courtney moves for judgment of acquittal. A court may grant such a motion under Federal Rule of Criminal Procedure 29 only where "the evidence is insufficient to sustain

---

[1] Doc. 11. Defendant also filed two supplemental motions. Docs. 17, 26. The Government responded. Docs. 20, 27. Defendant replied. Doc. 28.
[2] Doc. 40.
[3] Doc. 44. The Government opposes. Doc. 46.

Case No. 1:16-CR-309
Gwin, J.

a conviction" of one or more of the offenses charged in the indictment.[4] Therefore, the same standard is used by the court in evaluating motions for a judgment of acquittal and insufficiency of the evidence claims.[5] Specifically, a court must review the record in the light most favorable to the prosecution and grant relief only if it finds that no rational trier of fact could have found proof of guilt beyond a reasonable doubt.[6]

In the alternative to his motion for a judgment of acquittal, Defendant Courtney moves the Court for a new trial under Federal Rule of Criminal Procedure 33. Rule 33 states that the Court may "grant a new trial if the interest of justice so requires."[7] Sixth Circuit precedent accords broad discretion to the trial judge in determining whether to grant such a motion.[8] Precedent commands, however, that "[t]he Court should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict."[9] In deciding a Rule 33 motion for acquittal or a new trial, the Court may act in the role as a "thirteenth juror" in assessing the credibility of the witnesses and the weight of the evidence to insure no miscarriage of justice occurs.[10]

### B. Discussion

#### A. Defendant Courtney's substantive arguments defeat his standing to bring this motion.

Both in his motion to suppress and his motion for judgment of acquittal or a new trial, Defendant Courtney has made arguments that undermine his own standing to bring those motions.

---

[4] Fed. R. Crim. P. 29(a).
[5] *See* United States v. Abner, 35 F.3d 251, 253 (6th Cir. 1994).
[6] *See* Jackson v. Virginia, 443 U.S. 307, 324 (1979).
[7] Fed. R. Crim. P. 33(a).
[8] United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988).
[9] *Id.*
[10] *See, e.g.*, United States v. Ruiz Solorio, 337 F.3d 580, 589 (6th Cir. 2003) (citing *Ashworth*. 836 F.2d at 266).

Case No. 1:16-CR-309
Gwin, J.

"The guaranty of the Fourth Amendment . . . against unreasonable search and seizure is a personal right or privilege, that can only be availed of by the owner or claimant of the property subjected to unreasonable search and seizure."[11] In effect, this requires the demonstration of a definite interest in either the premises searched or the property seized, or both. Without personally suffering a violation of his own Fourth Amendment rights, an individual may not vicariously assert the Fourth Amendment rights of another.[12]

Defendant Courtney has argued that he is not the owner and has no connection to the properties from which contraband was seized. He also argues, however, that none of that evidence can be used against him. In order to succeed on the latter, Courtney cannot have argued the former. In other words, Courtney defeats his standing to bring Fourth Amendment challenges by asserting that he has no expectation of privacy in the homes that were searched.[13]

### B. Even if Defendant Courtney has standing, the search warrants were supported by probable cause.

As the Court outlined in its November 23, 2016 order, all evidence used against Defendant Courtney at trial was admissible.[14] Search warrants[15] for 2973 E. 130th Street, Rear Up Apartment; 13695 Shady Oak Boulevard, Garfield Heights; and 3532 Normandy Road, Shaker Heights were all supported by probable cause.[16]

Specifically, the Court found that the confidential reliable informant ("CRI") tip was properly included in the supporting affidavits, and that even without the CRI's tip, the affidavits

---

[11] *Graham v. United States,* 15 F.2d 740, 742 (8th Cir. 1926), *cert. denied sub nom. O'Fallon v. United States,* 274 U.S. 743 (1927).
[12] *Rakas v. Illinois,* 439 U.S. 128, 133–34 (1978).
[13] *See, e.g.*, *United States v. Payner,* 447 U.S. 727, 735 (1980).
[14] *See generally* Doc. 34. The Court also stands by its decision not to allow a *Franks* hearing, as
[15] Docs. 20-1, 20-2, 20-3.
[16] Doc. 34 at 6-8.

3

Case No. 1:16-CR-309
Gwin, J.

showed probable cause.[17] Furthermore, even if the warrants were invalid, the *Leon*-exception would apply.[18]

The Court also found that evidence seized from Defendant' Courtney's 2008 Chevy Silverado and the downstairs apartment at 2973 E. 130th was admissible. Although Defendant was subjected to an unlawful *Terry* stop prior to the apartment's search, the evidence seized from the truck and apartment was admissible (1) because the evidence was seized pursuant to his lawful arrest as opposed to the unlawful stop, and (2) even if any evidence was seized during the illegal *Terry* stop, the inevitable discovery rule provided for its admissibility.[19]

Defendant Courtney raises no new arguments as to why this evidence, used against him at trial, should be suppressed. Therefore, there was sufficient evidence to support the jury's verdict—acquittal is not appropriate.[20] The Court also declines to order a new trial, which is appropriate "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict."[21]

Accordingly, this Court **DENIES** Defendant Courtney's motion for judgment of acquittal, or in the alternative for a new trial.

### C. Conclusion

For the reasons above, the Court **DENIES** Defendant Courtney's motion.

IT IS SO ORDERED.

Dated: January 18, 2017                    *s/    James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[17] *Id*.
[18] *Id*.
[19] Doc. 34 at 8-10.
[20] Fed. R. Crim. P. 29(a).
[21] *Ashworth*, 836 F.2d at 266.

4