UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:16-cr-00309 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 69] |
| KRISTOPHER L. COURTNEY, : | |
| : | |
| : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Courtney is serving a sentence for felon in possession of a firearm, managing a drug premises, and possession with intent to distribute heroin, fentanyl, and cocaine.[1] He now moves to dismiss the criminal charges against him.[2]

Defendant Courtney argues that the Court does not have subject matter jurisdiction over his case. He argues that his federal charges are invalid because he was charged in state court for the same drug and weapons conduct.[3]

For the reasons presented below, the Court **DENIES** Defendant Courtney's motion to dismiss.

I. Background

The Cleveland Police Department arrested Defendant Courtney for suspected drug trafficking.[4] Law enforcement executed a search warrant at properties associated with Courtney and found drugs, firearms, and ammunition.[5]

---

[1] Doc. 54.
[2] Doc. 69.
[3] *Id.* at 4-5, 6-9.
[4] Doc. 1-1 at ¶ 18.
[5] *Id.* at ¶¶ 19-23.

Case No. 16-cr-309
Gwin, J.

The federal government brought a criminal complaint against Defendant Courtney.[6] A Department of Homeland Security special agent swore an affidavit in support of the complaint.[7]

Following a detention hearing, the Court found probable cause supporting the complaint and remanded Defendant Courtney to the custody of the U.S. Marshal.[8]

The grand jury indicted Defendant Courtney on five counts: three counts of possession with intent to distribute controlled substances; felon in possession of a firearm and ammunition; and managing a drug premises.[9]

The state of Ohio dropped its charges against Defendant Courtney after the grand jury indicted him on federal charges.[10]

Before this Court, Defendant Courtney moved to suppress the evidence against him.[11] This Court denied his motion to suppress.[12]

After a jury trial, the jury found Defendant Courtney guilty on all five counts.[13]

This Court denied Defendant Courtney's motion for a judgment of acquittal and motion for a new trial.[14]

The Sixth Circuit affirmed the jury's verdict.[15] The Sixth Circuit also affirmed this Court's decisions denying the motion to suppress and denying the motion for a new trial.[16]

---

[6] Doc. 1.
[7] Doc. 1-1.
[8] Doc. 5.
[9] Doc. 8.
[10] Doc. 69-2.
[11] Doc. 11.
[12] Doc. 34.
[13] Doc. 40.
[14] Doc. 47.
[15] Doc. 55; Doc. 62.
[16] Doc. 62.

Case No. 16-cr-309
Gwin, J.

This Court sentenced Defendant Courtney to 140 months imprisonment and eight years supervised release.[17]

## II. Discussion

Defendant Courtney argues that this Court does not have subject matter jurisdiction because he was already in state custody on state charges at the time of his arrest on federal charges.[18] He argues that the federal government could not bring drug and weapons charges against him because he had already been charged for that same conduct in state court.

The federal government and the state of Ohio are separate governments, or separate sovereigns. As a result, the federal government and Ohio can each charge a criminal defendant with the same conduct without violating the Double Jeopardy Clause of the Fifth Amendment.[19]

The Supreme Court has "long held that a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign."[20]

As the Supreme Court recently explained: "Under this 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."[21]

This Court has jurisdiction because the federal government may charge a defendant for conduct violating a federal criminal statute, regardless of whether the state already brought criminal charges for the same conduct.

## III. Conclusion

---

[17] Doc. 54.
[18] Doc. 69 at 4-5, 6-9.
[19] *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019).
[20] *Id.*
[21] *Id.*

-3-

Case No. 16-cr-309
Gwin, J.

For the stated reasons, the Court **DENIES** Defendant Courtney's motion to dismiss.

IT IS SO ORDERED

Dated: August 5, 2022            *s/    James S. Gwin*
                                                                   JAMES S. GWIN
                                                                   UNITED STATES DISTRICT JUDGE