UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-cr-00309 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Docs. 67, 68 & 70] |
| v. | : | |
| KRISTOPHER L. COURTNEY, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Inmate Kristopher Courtney asks this Court for early release under the compassionate-release statute. Unfortunately for Courtney, his family circumstances, nonretroactive sentencing-law changes, and the COVID-19 pandemic do not qualify as extraordinary-and-compelling reasons for release. But even if Courtney offered qualifying reasons, the statutory sentencing factors weigh against early release. So, the Court **DENIES** Courtney's motion.

I.  Background

In August 2016, law enforcement received information that Kristopher Courtney was selling between $20,000 and $50,000 of heroin per day.[1] Law enforcement further learned that Courtney concealed his trafficking by constantly moving from house to house. Courtney would purchase a house and move his sister into the house. After selling drugs from the house for a short time, Courtney would purchase a different house and repeat the process.[2]

Law enforcement arrested Courtney and searched three of Courtney's properties. Officers discovered 58 grams of heroin, 196 grams of a heroin–fentanyl mixture, and 140

---

[1] Doc. 50 at 4 (PageID 610) (PSR).
[2] *Id.*

Case No. 1:16-cr-00309
GWIN, J.

grams of cocaine at one of the properties.  Law enforcement also found several firearms.[3]

In November 2016, a jury found Courtney guilty of possessing narcotics with intent to distribute, possessing a firearm as a felon, and managing a drug premises.[4]  At a March 2017 sentencing hearing, this Court set Courtney's guidelines range at 168 to 210 months' incarceration.  The Court imposed a 140-month below-guidelines sentence.[5]

## II.  Compassionate Release

Now, Courtney asks for relief under the compassionate-release statute.[6]  The statute allows courts to shorten a prison term only if an inmate shows extraordinary-and-compelling reasons for early release and the statutory sentencing factors weigh in favor of the inmate's release.[7]

### A.  Extraordinary and Compelling Reasons

*Family Circumstances*.  Courtney first says an early release would allow him to better care for Courtney's mother, Dorothy Ford, and Courtney's minor son.  Courtney says that Ms. Ford, who lives with Courtney's brother, has cancer and Crohn's Disease.  And Courtney says that his son, who lives with the son's mother, has autism.

The Sentencing Commission's guidance, although not binding here,[8] suggests that only two family circumstances justify early release: the incapacitation or death of an inmate's minor child's caregiver, or the incapacitation of an inmate's spouse when the inmate would be the only available caregiver.[9]  The Commission recently proposed adding "[t]he

---

[3] *Id.* at 5–6 (PageID 611–12).
[4] Judgment
[5] Doc. 64 at 31–34 (PageID 1044).
[6] 18 U.S.C. § 3582(c).
[7] *See id.*; 18 U.S.C. § 3553(a).
[8] *See* United States v. Jones, 980 F.3d 1098, 1108–11 (6th Cir. 2020).
[9] U.S.S.G. 1B1.13.  Although this Court need not consider and is not bound by the Sentencing Commission's policy statement when an inmate moves for compassionate release, *see id.*, the Court finds its guidance persuasive here.

- 2 -

Case No. 1:16-cr-00309
GWIN, J.

incapacitation of the defendant's parent when the defendant would be the only available caregiver" to the list of reasons for early release.[10]

Independently of any Commission guidance, courts generally require proof that an inmate, if released, would be the only available caregiver.[11] It is not enough to show that the inmate's incarceration burdens other available caregivers.[12]

Here Courtney gives no evidence that if released, Courtney would be the only available caregiver for either his mother or his son. No evidence supports any claim that Ms. Ford's or the son's current caretakers are incapacitated. So, even under the Commission's proposed, broader rule, Courtney's family circumstances would not entitle him to relief.

*Nonretroactive Sentencing-Law Changes.* Next, Courtney argues that under the 2018 First Step Act, Courtney's prior convictions would no longer qualify Courtney for a 10-year statutory mandatory-minimum sentence. So, Courtney believes he would receive a lower sentence if resentenced today.

Not so. For starters, this circuit categorically prohibits district courts from considering nonretroactive sentencing-law changes when deciding whether extraordinary-and-compelling reasons for early release exist.[13]

But even if the Court could consider the First Step Act's changes, the changes would not help Courtney here. Courtney's offense level and criminal-history category suggested a sentence well above the 10-year minimum. And the Court sentenced Courtney to 140

---

[10] Sentencing Guidelines for United States Courts, 88 Fed. Reg. 7180, 7183 (proposed Feb. 2, 2023).
[11] *See* United States v. Vela-Salinas, 3:11-CR-00083-19, 2022 WL 391490, at *4 (M.D. Tenn. Feb. 8, 2022) (quoting United States v. Gibson, 11-20551, 2021 WL 2549682 (E.D. Mich. June 22, 2021)).
[12] *See id.*
[13] United States v. McCall, 56 F.4th 1048, 1061 (6th Cir. 2022).

Case No. 1:16-cr-00309
GWIN, J.

months. So, any inapplicability of the 10-year minimum would not change the sentence Courtney would receive if sentenced today.

*COVID-19.* Finally, Courtney argues the COVID-19 pandemic justifies his release. Courtney says his prediabetic condition, high blood pressure, and obesity place him at greater risk of serious COVID-19 complications.

The COVID-19 pandemic no longer qualifies as an extraordinary and compelling reason for early release if an inmate can access and benefit from the COVID-19 vaccine.[14]

Here, the Bureau of Prisons twice offered Courtney the COVID-19 vaccine. For some illogic reasons, Courtney twice refused the vaccine.[15] Further, Courtney gives no reason he would not benefit from the vaccine. So, COVID-19 cannot qualify Courtney for release.

B.  Sentencing Factors

Even if Courtney had satisfied the extraordinary-and-compelling-reasons requirement, the 18 U.S.C. § 3553(a) sentencing factors weigh against early release. Relevant sentencing factors include the offense's nature and circumstances, the sentencing guidelines, the inmate's history and characteristics, the sentence's penological justifications, and the need to avoid unwarranted sentencing disparities.[16]

*Offense's Nature & Circumstances.* Here, the offense weighs heavily against early release. Courtney possessed hundreds of grams of heroin, fentanyl, and cocaine and sold $20,000 to $50,000 of drugs daily. And by frequently moving his operation from house to house, Courtney employed a relatively sophisticated scheme to avoid detection. Additionally, Courtney possessed at least one of his several firearms in connection with his

---

[14] United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).
[15] Doc. 78-1.
[16] 18 U.S.C. § 3553(a).

Case No. 1:16-cr-00309
GWIN, J.

drug trafficking.[17]

*Sentencing Guidelines & Avoiding Disparities.* This factor weighs against shortening Courtney's incarceration. Although Courtney received a longer-than-average sentence compared to other drug-trafficking defendants with Category VI criminal histories, the Court sentenced Courtney below the 168-to-210-month guidelines recommended range. The Court sentenced Courtney to 140 months. Courtney has served a little over half of his sentence.

*Courtney's History & Characteristics.* As this Court noted at Courtney's sentencing, Courtney's history and characteristics present a mixed bag. Although Courtney's difficult upbringing and apparent marijuana dependency make him somewhat less blameworthy, Courtney still has an extensive criminal history.[18]

Courtney also completed some college and ran what might have been a successful property-management business, suggesting that Courtney did not sell drugs out of any necessity.[19]

For this factor, the Court also considers any rehabilitation. While incarcerated, Courtney has completed nearly thirty classes, including a 136-hour foodservice-management class and a 130-hour residential-electrician class. Although commendable, these efforts alone do not outweigh the other sentencing factors.

*Sentence's Penological Justifications.* At sentencing, this Court explained that it imposed a 140-month sentence to deter future criminal conduct by Courtney and afford just punishment for Courtney's offenses. Further, Courtney's history of recidivism justified a

---

[17] Doc. 64 at 11 (PageID 1024).
[18] *Id.* at 32 (PageID 1045).
[19] *Id.* at 33 (PageID 1046).

- 5 -

Case No. 1:16-cr-00309
GWIN, J.

lengthy prison term to protect the public.[20]  This reasoning still applies today.

In sum, the relevant sentencing factors weigh against granting early release.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Courtney's motion for early release.


IT IS SO ORDERED.


Dated: March 9, 2023                    *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[20] *Id.* at 34 (PageID 1047).